# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LEO VALERA BUSH, ) <br> ) <br> Movant, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Case No. 4:16-cv-01055-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Leo Valera Bush's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. 1.) Respondent United States of America responded (Doc. 4), and Movant filed a reply (Doc. 7), and, with leave of Court, filed a supplemental reply (Doc. 10).

### Background

On December 13, 2012, Movant was indicted with one count of conspiring to possess with intent to distribute more than five kilograms of cocaine and conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846. (*United States v. Bush*, No. 4:12-cr-00446-JAR-1, Doc. 1.) On September 10, 2014, Movant pleaded guilty pursuant to negotiated plea agreement. (*Bush*, Doc. 127.)

A Presentence Report was prepared and Movant accepted it. (*Bush*, Docs. 129, 131.) Movant was assigned a criminal history category of VI based on four prior convictions for possessing or distributing drugs and based on convictions for evading arrest and driving on a suspended license. (*Bush*, Doc. 135 at 9-12.) His criminal history category of VI combined with

1

a total offense level of 29 to yield a guidelines range of 151-188 months in prison. (*Id.* at 19.) The Court departed downward to sentence Movant to a term of 144 months in prison. (*Bush*, Docs. 139, 140.) Movant did not appeal.

On June 27, 2016, the Court received Movant's § 2255 Motion. (Doc. 1.) Movant listed December 14, 2015, as the date he signed and deposited his Motion. (*Id.* at 11.) In it, he advances two instances of ineffective assistance of trial counsel. (Doc. 1.) First, he argues that counsel was ineffective for failing to argue that Movant's enhanced sentence violated the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99, 117 (2013), which held that aggravating facts that increase a defendant's mandatory minimum sentence are elements of the crime which must be proved to the jury. (*Id.*) Relatedly, Movant argues that counsel failed to challenge the factual basis of his prior convictions. (*Id.*) Respondent argues that the postmark indicates that the motion is time-barred and that, in any event, Movant's claims fail on their merits. (Doc. 4.) Movant replies that he should not be penalized for delays in the prison mail system. (Docs. 7, 12.)

**Legal Standards**

A § 2255 movant is entitled to relief when his sentence "was imposed in violation of the Constitution or laws of the United States." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (citing 28 U.S.C. § 2255). The movant must show that the "claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

To prove ineffective assistance of counsel, a movant must show that his attorney's performance was objectively unreasonable, and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, the movant must show "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The standard is "highly deferential." *Id*. at 689.

## Analysis

### *Timeliness*

A motion to vacate filed under § 2255 is subject to a one-year period of limitations. *See* 28 U.S.C. § 2255(f). The limitations period begins to run on the latest of: (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;" (2) the date on which an impediment to filing a federal habeas petition is removed by the state; (3) the date on which a new constitutional right asserted is recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1)-(4).

Movant pleaded guilty on September 10, 2014. (*Bush*, Doc. 127.) Judgment was entered on December 11, 2014, and Movant did not appeal. (*Bush*, Doc. 139.) His conviction therefore became final fourteen days later, on December 26, 2014, when the time to appeal expired. 8th Cir. R. 4(b)(1)(A)(i). Accordingly, the one-year limitations period ended on December 26, 2015. 28 U.S.C. § 2255(f)(1). The Court received Movant's filing on June 27, 2016. (Doc. 1.)

Movant represents to the Court that he signed his Motion and placed it into the prison mail system on December 14, 2015, two weeks before the limitations period ran. (*Id*. at 11.) He asserts that the delay is attributable to the internal mismanagement of legal mail by prison staff and that therefore he is entitled to equitable tolling. (Doc. 12.)

The limitations period may be equitably tolled when a petitioner can show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*

3

*v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling is an exceedingly narrow window of relief" and the burden is on the party seeking to toll the running of the limitations period. *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013) (citation omitted).

Movant's only evidence in support of his equitable tolling argument is his verified Motion. (Doc. 1 at 11.) He asserts that the prison failed to keep the required logs of outgoing legal mail and that therefore he cannot prove his asserted date of deposit. (Doc. 12.) While Movant's argument is obviously self-serving, and the approximately seven month gap in time makes it particularly suspect, the Court recognizes that it is nearly impossible to prove and therefore will not dismiss his motion on procedural grounds based on a lack of evidence. Accordingly, the Court will accept Movant's verified statement and will turn to the merits of his Motion.

### *Merits*

Movant first argues that counsel was ineffective for failing to challenge his enhanced sentence based on the Supreme Court's holding in *Alleyne*. (Doc. 1 at 3.) As noted, the *Alleyne* Court held that the government must prove beyond a reasonable doubt any fact that increases a defendant's mandatory minimum sentence. 570 U.S. at 117. However, the *Alleyne* Court also "recognized a narrow exception to this general rule for the fact of a prior conviction." *Id*. at 111, n.1 (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)).

Because *Alleyne* does not require proof of prior convictions, counsel's decision not to object to Movant's Presentence Report on that basis was not objectively unreasonable. *Strickland*, 466 U.S. at 687. For the same reason, Movant cannot prove prejudice because he cannot show a reasonable probability that the objection would have altered the result of his sentencing. *Id*. at 694.

Movant's second argument is related to his first—he argues that the government could not have proven that he committed the crimes listed as prior convictions in his Presentence Report. (Doc. 1 at 4.) Respondent asserts that Movant's argument is supported solely by conclusory allegations that he is innocent of the prior convictions. (Doc. 4 at 4.)

The Court agrees with Respondent. Movant offers nothing whatever to suggest that he is innocent of the crimes leading to his prior convictions. In any event, a "defendant may not collaterally attack [a] prior conviction through a motion under § 2255." *Daniels v. United States*, 532 U.S. 374, 382 (2001). The validity of prior convictions is conclusively presumed at the time of sentencing and may only be challenged on the ground that the conviction was obtained in violation of the right to counsel. *Id.* (citing *Custis v. United States*, 511 U.S. 485, 496 (1994)). Even then, the challenge must be raised at the federal sentencing proceedings, not in a habeas motion. *Id.* Once again, the failure to raise a meritless objection is insufficient to support habeas relief. *Strickland*, 466 U.S. at 687, 694.

## Conclusion

The Court concludes that counsel's performance was neither substandard nor prejudicial and that therefore both of Movant's grounds fail on their merits and that he is not entitled to habeas relief.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Leo Valera Bush's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1), is **DENIED.**

**FURTHER** the Court finds that, because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). A judgment dismissing this case is filed herewith.

Dated this 10th day of September, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE